IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DIATEK LICENSING LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ROKU, INC.,<br><br>          Defendant. | CIVIL ACTION NO.<br><br>6:21-cv-777-ADA<br><br><br>**Jury Trial Demanded** |

## ROKU, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant Roku, Inc. ("Roku" or "Defendant") by and through the undersigned counsel, respectfully files its Answer, Affirmative Defenses, and Counterclaims, to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Diatek Licensing LLC ("Diatek" or "Plaintiff"). Roku denies each and every allegation in the Complaint, whether express or implied, that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Roku further denies that Plaintiff is entitled to the relief requested or any other relief. Roku answers the Complaint as follows:

## THE PARTIES

1. Roku lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2.  Roku admits that it is a corporation organized and existing under the laws of Delaware.  Roku admits that it may be served with process through its registered agent, Corporation Service Company, which has an office at 251 Little Falls Drive, Wilmington, DE 19808.  Roku admits that it conducts business in Texas, and denies any remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.  Roku admits that the Complaint purports to allege an action under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.  Roku admits that this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the merits of this action.  Except as expressly admitted, Roku denies any and all remaining allegations set forth in Paragraph 3.

4.  Roku does not contest, for the purposes of this action only, that it is subject to specific personal jurisdiction in this District.  Roku does not waive the right to contest personal jurisdiction in any other case or action in this District.  Except as expressly admitted, Roku denies all remaining allegations of Paragraph 4, including any allegations of infringement.

5.  Roku does not contest, for the purposes of this action only, that venue is permissible in the Western District of Texas.  However, Roku denies that the Western District of Texas is the venue most convenient for the parties and witnesses to hear the case, or the most appropriate venue in the interest of justice under 28 U.S.C. § 1404(a).  Roku denies any remaining allegations in Paragraph 5, including any allegations of infringement.

## FACTUAL BACKGROUND

**U.S. Patent No. 7,079,752**

6.  Roku admits that the United States Patent No. 7,079,752 ("the '752 patent") states on its face that it is entitled "Process for Recording a Scrambled MPEG Stream."  Roku lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 6 and therefore denies the same.

7.  Roku admits that a document purporting to be a copy of the '752 patent is attached to the Complaint as Exhibit A.  Roku denies any remaining allegations in Paragraph 7.

8.  Roku admits that the '752 patent states on its face that the application was filed on November 20, 2000.

9.  Roku admits that the '752 patent states on its face that it issued on July 18, 2006, and denies any remaining allegations in Paragraph 9.

10.  Roku denies each and every allegation of Paragraph 10.

11.  Roku denies each and every allegation of Paragraph 11.

12.  Roku denies each and every allegation of Paragraph 12.

**U.S. Patent No. 8,195,828**

13.  Roku admits that the United States Patent No. 8,195,828, ("the '828 patent") states on its face that it is entitled "Method for Discontinuous Transmission, in Sections, of Data in a Network of Distributed Stations as well as a Network Subscriber Station as Requesting Appliance for Carrying Out a Method Such as This, and a Network Subscriber Station as a Source Appliance for Carrying Out a Method Such as This."  Roku lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 13 and therefore denies the same.

14.  Roku admits that a document purporting to be a copy of the '828 patent is attached to the Complaint as Exhibit B.  Roku denies any remaining allegations in Paragraph 14.

15.  Roku admits that the '828 patent states on its face that the application was filed on November 12, 2004.

16.  Roku admits that the '828 patent states on its face that it issued on June 5, 2012, and denies any remaining allegations in Paragraph 16.

17.  Roku denies each and every allegation of Paragraph 17.

18.  Roku denies each and every allegation of Paragraph 18.

19.  Roku denies each and every allegation of Paragraph 19.

## COUNT I – ALLEGED INFRINGEMENT OF THE '752 PATENT

20.  Roku incorporates by reference and restates each and every response to the preceding paragraphs of the Complaint as though fully set forth herein.

21.  Roku denies each and every allegation set forth in Paragraph 21.

22.  Roku admits that a document purporting to be a preliminary claim chart alleging infringement of the '752 patent is attached to the Complaint as Exhibit C.  Except as expressly admitted, Roku denies each and every remaining allegation set forth in Paragraph 22, including any allegations of infringement.

23.  Roku denies each and every allegation set forth in Paragraph 23.

24.  Roku denies each and every allegation set forth in Paragraph 24.

## COUNT II – ALLEGED INFRINGEMENT OF THE '828 PATENT

25.  Roku incorporates by reference and restates each and every response to the preceding paragraphs of the Complaint as though fully set forth herein.

26.   Roku denies each and every allegation set forth in Paragraph 26.

27.   Roku admits that a document purporting to be a preliminary claim chart alleging infringement of the '828 patent is attached to the Complaint as Exhibit D.  Except as expressly admitted, Roku denies each and every remaining allegation set forth in Paragraph 27, including any allegations of infringement.

28.   Roku denies each and every allegation set forth in Paragraph 28 of the Complaint.

29.   Roku denies each and every allegation set forth in Paragraph 29 of the Complaint.

30.   Each and every allegation of the Complaint not specifically admitted herein is denied.

## [PLAINTIFF'S] JURY DEMAND

The request for a jury trial set forth in the Complaint requires no response.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Roku denies that Plaintiff is entitled to any relief from Roku, whether sought in the Prayer for Relief or otherwise.  Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing from Roku.

## AFFIRMATIVE DEFENSES

Roku asserts the following affirmative defenses without admitting or acknowledging that it bears the burden of proof as to any of them.  In addition to the defenses described below, Roku specifically reserves all rights to amend its Answer and assert additional defenses as additional information becomes available.  Furthermore, Roku repeats and incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted against Roku, including but not limited to failing to sufficiently plead infringement, either literally or under the doctrine of equivalents, either direct or indirect, and wholly failing to plead willfulness or exceptionality, as required to support its request for damages.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Roku has not infringed and does not infringe any valid and enforceable claim of the '752 or '828 patents, either directly or indirectly, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

The asserted claims of the '752 and '828 patents are invalid and unenforceable for failure to comply with the requirements of one or more of the conditions of patentability as specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112 *et seq.,* non-statutory obviousness-type double patenting, and/or the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Plaintiff's claims against Roku are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer, in particular based on statements or arguments made during prosecution of the relevant patent applications.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, equitable estoppel, prosecution laches, unclean hands, and/or other equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

### (Limitations on Damages and Costs)

Diatek's right, if any, to seek damages is limited or barred, including without limitation, by 35 U.S.C. §§ 286 and 287.  Diatek is further precluded from recovering costs under 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damage.

## ROKU'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Roku alleges the following counterclaims against Diatek.

## NATURE OF THE ACTION

1. Roku seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 7,079,752 ("the '752 patent") and 8,195,828, ("the '828 patent") (collectively, "the Patents in-Suit") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., damages, and such other relief as the Court deems just and proper.

2. Roku seeks this relief because Diatek has accused Roku of infringing the Patents-in-Suit.  Roku believes Diatek's allegations lack merit and thus asks this Court to declare the legal

rights of Roku so that Roku is afforded relief from the uncertainty and delay regarding its rights caused by Diatek's allegations against Roku.

## PARTIES

3.   Roku is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1155 Coleman Ave., San Jose, California 95110.

4.   Diatek is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 3571 Far West Blvd, #3406, Austin, TX 78731.

## JURISDICTION AND VENUE

5.   The allegations in Paragraphs 1 through 4 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

6.   This action arises under the Patent Laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1 *et seq*.) and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

8.   This Court has personal jurisdiction over Diatek because it submitted itself to the jurisdiction of this Court by filing the Complaint.

9.   Venue is proper over Diatek as it has conceded to venue in this District by way of its Complaint.  However, Roku alleges that the Western District of Texas is not the venue most convenient for the parties and witnesses to hear the case, or the most appropriate venue in the interest of justice under 28 U.S.C. § 1404(a).

## THE PATENTS-IN-SUIT

10.  The allegations in Paragraphs 1 through 9 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

11.  The '752 patent states on its face that it is entitled "Process for Recording a Scrambled MPEG Stream," and was issued on July 18, 2006.  According to the face of the patent, the application for the '752 patent was filed on November 20, 2000.

12.  On information and belief, the '752 patent is assigned to Diatek.

13.  The '828 patent states on its face that it is entitled "Method for Discontinuous Transmission, in Sections, of Data in a Network of Distributed Stations as well as a Network Subscriber Station as Requesting Appliance for Carrying Out a Method Such as This, and a Network Subscriber Station as a Source Appliance for Carrying Out a Method Such as This," and was issued on June 5, 2012.  According to the face of the patent, the application for the '828 patent was filed on November 12, 2004.

14.  On information and belief, the '828 patent is assigned to Diatek.

## PRESENCE OF AN ACTUAL CONTROVERSY

15.  The allegations in Paragraphs 1 through 14 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

16.  The presence of an actual controversy between the parties is shown by the filing of the Complaint by Diatek.  Diatek alleges that Roku infringes the '752 patent's claim 1 and the '828 patent's claim 1.

17.  Roku believes the infringement allegations as to the Patents-in-Suit lack merit, and therefore, Roku seeks relief declaring the legal rights of Roku—namely, that Roku does not infringe any valid and enforceable claim of the '752 or '828 patents.  Without such declaration,

Diatek's infringement allegations will continue to negatively impact Roku's business with respect to its products and services.  Accordingly, there is a substantial controversy of sufficient immediacy and reality between Roku and Diatek to warrant issuance of a declaratory judgment.

18.   Roku denies that it infringes any valid and enforceable claim of the Patents-in-Suit. Roku now seeks a declaratory judgment that it does not infringe any valid and enforceable claim of the Patents-in-Suit.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '752 PATENT

19.   The allegations in Paragraphs 1 through 18 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

20.   Roku, through its products and/or services, including its alleged delivery of video-on-demand content, does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '752 patent, including but not limited to claim 1.

21.   As one non-limiting example, the '752 patent's claim 1 requires "recording … a scrambled digital video stream" where, "in addition to the recording of the scrambled data," "descrambling of *said scrambled data* of *said stream*" must occur to "extract therefrom additional data corresponding to information required by at least one function of the special mode or 'trick mode'…."  Based on the plain language of the claim, the additional "trick mode" data must be extracted from the descrambled data of the "scrambled digital video stream." To the extent that any streaming media content offered by Roku is encoded with an alleged "trick mode" function, any additional data corresponding to such function is contained within a manifest or index file and is not extracted from descrambled data of a scrambled digital video stream.

22.  Therefore, Roku's products and/or services, including its alleged delivery of video-on-demand content, do not meet at least the following limitations of the '752 patent's claim 1: "descrambling of said scrambled data of said stream so as to extract therefrom additional data corresponding to information required by at least one function of the special mode or 'trick mode' (fast forward, fast rewind, accelerated motion, slow motion, etc.); and recording of these additional data on the recording medium."

23.  An actual controversy exists between Roku and Diatek as to whether or not Roku has infringed or is infringing the '752 Patent.  The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Roku is entitled to a declaration, in the form of a judgment, that its products and/or services have not infringed and are not infringing any valid and enforceable claim of the '752 Patent.  Such a determination and declaration is necessary and appropriate at this time.

## COUNT II:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '828 PATENT

24.  The allegations in Paragraphs 1 through 23 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

25.  Roku, through its products and/or services, including its alleged delivery of video-on-demand content, does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '828 patent, including but not limited to claim 1.

26.  As one non-limiting example, the '828 patent's claim 1 requires, *inter alia*, an HTTP GET request "stating a playback speed parameter and an initial position and optionally at least one parameter selected from a group of parameters consisting of file name, file type, path, and

playback direction."  As shown on pages 8 and 9 of Exhibit D attached to Plaintiff's Complaint,

any HTTP GET request that may be sent from a streaming media player or TV to a content

delivery network server, whether that request is sent for metadata or video content, never

includes a playback speed parameter.

27.   Therefore, Roku's products and/or services, including its alleged delivery of video-

on-demand content, do not meet at least the following limitations of the '828 patent's claim 1:

"creation of an HTTP GET request for requesting a fast search operation of an original video

stream, the request stating a playback speed parameter and an initial position and optionally at

least one parameter selected from a group of parameters consisting of file name, file type, path,

and playback direction."

28.   An actual controversy exists between Roku and Diatek as to whether or not Roku

has infringed or is infringing the '828 Patent.  The controversy is such that, pursuant to Federal

Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., Roku is entitled to a declaration, in the

form of a judgment, that its products and/or services have not infringed and are not infringing

any valid and enforceable claim of the '828 Patent.  Such a determination and declaration is

necessary and appropriate at this time.

## COUNT III:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '752 PATENT

29.   The allegations in Paragraphs 1 through 28 of Roku's Counterclaims are

incorporated by reference as if fully set forth herein.

30.   As a result of the acts described in the foregoing Paragraphs, there exists an actual

and justiciable controversy between Roku and Diatek regarding the validity of the '752 Patent.

31.   The claims of the '752 Patent are invalid for failure to satisfy the conditions for

patentability and/or otherwise comply with the requirements as specified in Title 35 of the U.S.

Code, including but not limited to §§ 101, 102, 103, 112, 116 and/or 256.  For example, and without limiting Roku's ability to later raise additional arguments under 35 U.S.C.§§ 101, 102, 103, 112, 116 and/or 256, at least claim 1 is invalid for failing to meet the requirements for patent-eligible subject matter under 35 U.S.C. § 101 because the claim is directed to an abstract idea with no inventive concept.  Claim 1 is also invalid as indefinite as to the alternative terms "the special mode or 'trick mode,'" which are then exemplified with an unbounded parenthetical ending with the term "etc."  By way of additional example, claim 1 is invalid for failing to satisfy the written description and enablement requirements of 35 U.S.C § 112.  Nothing in the '752 patent's specification informs those of ordinary skill in the art that the inventors had possession over a process for providing video-on-demand content over the internet that may allow for trick-mode operations, much less extracting trick mode information from metadata associated with video-on-demand content provided over the internet (rather than extracting trick mode information from descrambled data of a scrambled digital video stream, as the '752 patent describes and claims).  Nor does the '752 patent's specification provide any sort of description that would allow one of ordinary skill in the art to make and use the alleged invention, as exemplified by Diatek's infringement allegations against Roku, without undue experimentation.

32.  By this Counterclaim, Roku seeks a declaration that the claims of the '752 Patent are invalid.  A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Diatek from continuing to allege validity of the '752 Patent so that Roku may ascertain its rights and duties with respect to the '752 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products and/or services.

## COUNT IV:  DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '828 PATENT

33.  The allegations in Paragraphs 1 through 32 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

34.  As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and Diatek regarding the validity of the '828 Patent.

35.  The claims of the '828 Patent are invalid for failure to satisfy the conditions for patentability and/or otherwise comply with the requirements as specified in Title 35 of the U.S. Code, including but not limited to §§ 101, 102, 103, 112, 116 and/or 256.  For example, and without limiting Roku's ability to later raise additional arguments under 35 U.S.C.§§ 101, 102, 103, 112, 116 and/or 256, at least claim 1 of the '828 Patent is invalid for failing to meet the requirements for patent-eligible subject matter under 35 U.S.C. § 101 because the claim is directed to an abstract idea with no inventive concept.  Claim 1 is also invalid as indefinite as to the term "fast search operation."  By way of additional example, claim 1 is invalid for failing to satisfy the written description and enablement requirements of 35 U.S.C § 112.  The '828 patent relates to the field of "domestic networks," such as the Universal Plug and Play (UPnP) system. Nothing in the '828 patent's specification informs those of ordinary skill in the art that the inventors had possession over a process for providing video-on-demand content over the internet that may allow for trick-mode operations.  Nor does the '828 patent's specification provide any sort of description that would allow one of ordinary skill in the art to make and use the alleged invention, as exemplified by Diatek's infringement allegations against Roku, without undue experimentation.

36.  By this Counterclaim, Roku seeks a declaration that the claims of the '828 Patent are invalid.  A judicial declaration of invalidity is necessary and appropriate in order to resolve this

controversy and prevent Diatek from continuing to allege validity of the '828 Patent so that Roku may ascertain its rights and duties with respect to the '828 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products and/or services.

## ROKU'S DEMAND FOR JURY TRIAL

Roku demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

Roku requests the following relief and judgment:

1. That Plaintiff take nothing by way of its Complaint and the same be dismissed with prejudice;

2. That the Court enters judgement declaring that Roku has not infringed, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '752 patent;

3. That the Court enters judgment declaring that Roku has not infringed, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '828 patent;

4. That the Court enters judgment declaring that the claims of the '752 patent are invalid;

5. That the Court enters judgment declaring that the claims of the '828 patent are invalid;

6. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post-judgment interest, and other relief sought by Plaintiff be denied;

7. That this case be declared exceptional pursuant to 35 U.S.C. §285 and attorneys' fees, costs and expenses incurred in this action be awarded to Roku; and that the Court award Roku all other relief that the Court deems just and proper.

Date:  October 4, 2021

Respectfully submitted,

/s/ Tia D. Fenton
Tia D. Fenton (*pro hac vice*)
Christopher Ricciuti (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
  & NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 413-3000
Facsimile: (703) 413-2220
tfenton@oblon.com
cricciuti@oblon.com

David N. Deaconson
State Bar No. 05673400
PAKIS, GIOTES, PAGE
& BURLESON, P.C.
400 Austin Avenue
Waco, TX 76701
(254) 297-7300
deaconson@pakislaw.com

**COUNSEL FOR DEFENDANT
ROKU, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, Waco Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

I further certify that on October 4, 2021, I caused copies of the foregoing document to be served upon the following in the manner indicated:

Cortney S. Alexander                                          *VIA ELECTRONIC MAIL*
GA Bar No. 142690
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022
Attorneys for Plaintiff Diatek Licensing, LLC


                                                            /s/ David N. Deaconson